UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80145 CIV-RYSKAMP/JOHNSON

LYDIA SECURITY MONITORING,
INC.,

    Plaintiff,

v.

ALARM ONE, INC.,

    Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIM**

THIS CAUSE comes before the Court upon Plaintiff's Motion to Dismiss the Counterclaim **[DE 16]** filed on May 10, 2007. Defendant Responded **[DE 24]** on June 12, 2007. Plaintiff Replied **[DE 27]** on June 27, 2007. This motion is now ripe for adjudication.

**I.     Introduction**

This is an action originally filed by Plaintiff for breach of contract. Plaintiff alleged that Defendant failed to make minimum monthly payments under the terms of the contract. Defendant answered the complaint and then filed a counterclaim. The counterclaim alleges that Plaintiff violated Florida and California law by ignoring the contract and the oral modifications as established through the parties' conduct. To this end, Defendant alleges (1) breach of implied covenant of good faith and fair dealing; (2) misrepresentation, (3) violation of the Florida deceptive and unfair trade practices act, and (4) violation of the California Business and Professions Code § 17000, *et seq*.

Defendant, Alarm One, is a security alarm dealer that sells and installs security alarm systems. Sometimes Defendant also provides remote monitoring of alarm systems. Typically, however, Defendant contracts with wholesale monitoring companies who provide the monitoring services. One of the monitoring companies with whom Defendant contracted was Coastal Security Systems.[1] Defendant and Costal entered into this contract in May 1999, which remained in effect until May 2005. Defendant alleges that the contract consisted mostly of boilerplate language including a payment provision. The payment provision stated that Defendant was obligated to pay Costal a monthly minimum fee based on the "average of the previous billings for the most recent twelve months." Defendant argues, however, that this payment provision was never part of the agreement and that the parties never followed this provision. Instead, Defendant only paid Costal for the actual monitoring services that it provided each month.

Upon expiration of the 1999 Agreement, the parties renewed the contract in May 2005. This renewed contract included the same minimum monthly payment provision as the May 1999 Agreement. Defendant alleges that the parties' performance was the same under the 2005 Agreement as it was under the 1999 Agreement. Namely, that although the contract included a minimum monthly payment provision, Defendant was only required to pay for the actual services provided.

Shortly after the contract was renewed in 2005, DevCon acquired Costal. Defendant alleges that DevCon only required that Defendant pay for the services rendered rather than a monthly minimum. Again, Defendant argues that the parties' conduct modified the contract.

---

[1] Coastal Security was sold to DevCon Security Services in late 2005 or early 2006. DevCon was sold to Lydia (Plaintiff) in 2006.

Sometime in 2006, Plaintiff acquired DevCon. At this time, Plaintiff demanded that Defendant make the minimum payments as outlined in the contract. Defendant informed Plaintiff that both Costal and DevCon's conduct had modified that contract provision and that Defendant was only required to pay Plaintiff for the monitoring that it actually preformed. Plaintiff disagreed.

Another contractual dispute between the parties concerned Defendant's practice of "swinging the lines." In industry parlance, "swinging the lines" occurs when an alarm monitoring company transfers the responsibility of monitoring the alarms to another company. Defendant alleges that the conduct between it and both Costal and DevCon showed that the parties agreed that Defendant had the contractual right to swing the lines. Neither company prevented Defendant from swinging the lines. Defendant argues that Lydia, however, prevented Defendant from swinging the lines to gain an unfair advantage and to coerce concessions from Defendant. Defendant alleges that Plaintiff lied to Defendant when claiming that some of the telephone lines that Defendant sought to swing were registered in Plaintiff's name and that therefore Plaintiff could prevent Defendant from swinging those lines. This trapped Defendant into having to pay Plaintiff the monthly minimum payments that Plaintiff was demanding and precluded Defendant from swinging the lines to sell accounts to third parties. Defendant alleges that the telephone line to which Plaintiff referred were actually registered in DevCon's name and no ownership transfer had yet occurred.

Due to Plaintiff's actions, Defendant alleges that it suffered damages through the breach of the 2005 Agreement as well as significant monetary damages and other financial harm. Defendant alleges that Plaintiff knowingly made these false representations to harm Defendant

and intended that Defendant rely on the statements.

Plaintiff argues that the counterclaim should be dismissed first, for failure to state a claim for breach since the facts supporting a breach of contract claim must differ from the facts that support a claim for breach of the implied covenant. Second, a tort claim cannot be maintained where the tortious conduct is the same as the conduct alleged in the breach of contract claim. In those cases, the economic loss rule bars recovery. Third, in order to bring a claim for deceptive and unfair trade practices, one must allege an injury, which, Defendant failed to do. Finally, Plaintiff alleges that count four should be dismissed because the parties agreed in the contract to use Florida law and because Defendant failed to state a claim, since § 17000 is an anti-monopoly law.

## II.   Discussion

### A.   Standard of Law on Motion to Dismiss

A motion to dismiss merely tests the sufficiency of the complaint; it does not decide the merits of the case. *See Wein v. American Huts, Inc.*, 313 F. Supp. 2d 1356, 1359 (S.D. Fla. 2004). Moreover, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47.

When considering a motion to dismiss, the court must accept the well-pled facts in the complaint as true and construe them in the light most favorable to the plaintiff. *Beck v. Deloitte & Touche et al.*, 144 F.3d 732, 735 (11th Cir. 1998). As the Eleventh Circuit has noted, "the

threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is exceedingly low." *In re Southeast Banking Corp.*, 69 F.3d 1539, 1551 (11th Cir. 1995) (quotations omitted). Nonetheless, to withstand a motion to dismiss, it is axiomatic that the complaint must allege facts sufficiently setting forth the essential elements of a cause of action. *See Wein*, 313 F.Supp 2d at 1359.

To determine whether the complaint contains sufficient factual allegations, courts must look at the complaint and the supporting documents submitted with the Complaint. *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). If there is a conflict between the complaint and supporting documents, the information contained in the supporting documents controls. If the plaintiff fails to attach a crucial document to the complaint a defendant may include that document with its motion to dismiss, but the Court's consideration of that document converts the motion into one for summary judgment. *Trustmark Ins. Co. v. ESLU Inc.*, 299 F.3d 1265, 1265 (11th Cir. 2002).

**B.**     **Breach of the Implied Covenant of Fair Dealing**

The implied covenant of good faith and fair dealing is a gap-filling default rule. *Publix Super Markets, Inc. v. Wilder Corp. of Delaware*, 876 So.2d 652, 654 (Fla. 2nd DCA 2004). Typically, this is alleged when the terms of a contract do not resolve an issue or when the contract allows one party to make discretionary decisions without defined standards. *Id*. When the express terms of the contract, however, define and speak directly to the conduct that a party allegedly breached, no gap-filler is necessary and the covenant does not apply. *Shibata v. Lim*, 133 F.Supp.2d 1311, 1319 (M.D. Fla. 2000). The purpose of this cause of action is to protect the reasonable expectations of contracting parities; as such, it exists in nearly all contracts. *Snow v.*

*Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 896 So.2d 787, 791 (Fla. 2nd DCA 2005). To prove a breach of this implied covenant, one must show first, that the covenant coalesces with an express contractual term. Thus, breach of an express contractual term is necessary to sustain this cause of action. *Id*. at 792. The conduct used to prove this cause of action, however, must be different from the conduct underlying the breach of contract claim. *Shibata*, at 1319. Second, this cause of action cannot be used to override the expressed terms of the contract. *Southern Internet Systems, Inc. ex rel. Menotte v. Pritula*, 856 So.2d 1125, 1127 (Fla. 4th DCA 2003).

Plaintiff argues that Defendant failed to identify the violation of an express contract term, and failed to identify conduct to support this cause of action that is different from the conduct underlying the alleged breach of contract.

First, an express contract term exists where the parties' intentions are stated, in writing or orally, and determined at the time that the contract was entered into. *Hinesville bank v. Phony Exp. Courier Corp.*, 868 F.2d 1532, 1535 (11th Cir. 1989). Defendant argues that it has alleged breach of an express contract term, by allowing that the monitoring fees Plaintiff demanded were not part of the contract. This, however is insufficient. The express term of the contract states that Defendant must pay a minimum monitoring fee. Although the parties' subsequent practice may have modified that provision, the contract, at the time of acceptance, stated that a monthly minimum payment was owed. Defendant has argued that it was the parties later practice that modified the original contract. Defendant cannot show that this was breached. Thus, this cause of action cannot be maintained.

## C. Misrepresentation

To survive a motion to dismiss on a fraudulent misrepresentation claim, Defendant must

show that Plaintiff (1) made a misrepresentation of a material fact, (2) that it knew was false, (3) to induce Defendant's reliance upon it, (4) that Defendant did rely on the misrepresentation to its detriment, and (5) causing damages.  *Romo v. Amedex Ins. Co.*, 930 So.2d 643, 651 (Fla. 3rd DCA 2006).  In a case where a breach of contract is also at issue, the economic loss rule bars recovery in tort where a tort claim is dependent on a breach of contract.  *Wassal v. Payne*, 682 So.2d 678, 681 (Fla. 1st DCA 1996). The economic loss rule proscribes recovery in tort where the only damages suffered are economic losses, and applies when parties are in contractual privity. *Indemnity Ins. Co. of North America v. American Aviation, Inc.*, 891 So.2d 532, 536 (Fla. 2004). "Where a contract exists, a tort action will lie for either intentional or negligent acts considered to be independent from the acts that breached the contract.  Fraudulent inducement is an independent tort in that it requires proof of facts separate and distinct from the breach of contract." *Id*. at 537.

Here, Defendant alleges that Plaintiff misrepresented that it owned telephone lines that were actually owned by another company *in order* to coerce Defendant into paying a monthly minimum fee regardless of actual services provided.  This is the breach of contract claim.  Defendant attempts to parse out the way in which Plaintiff allegedly breached the contract to argue that a separate and distinct tort claim exists.  The economic loss rule prohibits the practice.  Moreover, the damages that Defendant alleges are the same damages that are recoverable in a breach of contract claim.

**D. FDUTPA**

Florida's Deceptive and Unfair Trade Practices Act was enacted to protect the public and businesses from those engaging in unfair, unconscionable or deceptive competition or practices

in commerce or trade.  Fla. Stat. Ann. § 501.202(2).  While a deceptive practice is likely to mislead consumers, an unfair practice offends public policy and is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.  *Rollins, Inc. v. Butland,* 951 So.2d 860, 869 (Fla. 2nd DCA 2006).  Although a FDUTPA cause of action allows for multiple types of relief, Defendant only seeks damages.  *See*, § 501.211(2)(allowing recovery of actual damages and attorney's fees and costs).

To bring a cause of action under FDUTPA, one must show: (1) a deceptive act or unfair practice, (2) causation, and (3) actual damages.  *Id*.  An adequate claim must allege sufficient facts to show each of the above elements.  *Tuckish v. Pompano Motor Co.*, 337 F.Supp.2d 1313, 1320 (S.D.Fla. 2004).  Plaintiff alleges that Defendant has failed to allege causation and damages.  Since FDUTPA requires proof of these elements, Defendant must plead sufficient facts showing that the unfair or deceptive practice Plaintiff committed actually resulted in damage.  *Shibata v. Lim*, 133 F.Supp.2d 1311, 1317 (M.D.Fla. 2000).

Although Defendant does meet some of the requirements to make an FDUTPA claim, not all of the requirements are met.  For example, Defendant fails to show what injury it sustained.  The only allegation regarding injury is the statement that Defendant "suffered damages."  This is insufficient.  Moreover, Defendant fails to allege that Plaintiff caused that damage.  Merely stating "as a result" does not provide sufficient allegations to show causation in an FDUTPA claim.

**E. California Law**

The contract specifically states that Florida law shall govern the contract.  Defendant argues that California's statute governing unfair and deceptive practices, should nonetheless

apply because the choice of law provision only applies to disputes arising under contract law. Cal. Bus. & Prof. §17200 et seq. Since this California statute regulates tort violations, then the choice of law in the contract should not apply. Defendant further argues that the California courts have broadly construed this statute to regulate any "conduct that has an impact on California business such as Alarm One."

It is irrelevant how California chooses to apply this statute. The preliminary issue must be whether Florida's choice of law principles would allow the application of this California statute; the answer is no.

A federal court exercising its diversity jurisdiction must apply the conflict laws of the forum state. *Grupo Televisa, S.A. v. Telemundo Communications Group, Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007). Defendant raises a tort claim so the conflict of laws theories applying to tort laws apply. For tort claims, Florida applies the most significant relationship test. Courts must apply the tort law of the state with the most "significant relationship to the occurrence and the parties" to that issue. To make this determination, courts must consider the following four factors: (1) where the injury occurred; (2) where the conduct causing the injury occurred; (3) the place of incorporation and place of business of the parties; and (4) where the relationship between the parties was centered. *Id.* at 1241. Although neither party is a Florida corporation or has its principal place of business in Florida, analysis of the remaining three factors shows that Florida, not California, tort law has the most significant relationship to this issue. The injury and conduct causing the injury all occurred in Florida. Moreover, the relationship between the parties was centered in Florida. Thus, Florida, not California, tort law must apply.

**III. Conclusion**

The Court has carefully reviewed the motion and the pertinent portions of the record and based on the foregoing reasons, it is hereby,

ORDERED AND ADJUDGED that:

(1) Plaintiff's Motion to Dismiss **[DE 16]** is GRANTED;

(2) Counts I, II, III, and V are dismissed with prejudice.

(3) Count IV is dismissed without prejudice with leave to amend. Defendant is directed to amend its counterclaim within ten days.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 23 day of August, 2007.

　　/s/ Kenneth L. Ryskamp　　
KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided to:
All counsel of record